FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV 29 AM 8:31
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TYRONE DONNELL DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CV 110-152<br>(Formerly CR 109-035) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate formerly confined to federal custody at the Talladega Federal Correctional Institution in Talladega, Alabama, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Pursuant to a written plea agreement, Petitioner pleaded guilty to a single count of distributing cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a). See United States v. Davis, CR 109-035, doc. nos. 1, 76, 77 (S.D. Ga. June 29, 2009) (hereinafter "CR 109-035"). Following a Rule 11 hearing, the Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to a term of imprisonment of 48 months. Id., doc. nos. 89, 90. Petitioner did not file a direct appeal.[1]

Petitioner then timely filed the instant § 2255 motion, in which he seeks a

---

[1] Petitioner's plea agreement included a broad waiver of his right to appeal or collaterally attack his sentence. See CR 109-035, doc. no. 76, pp. 4-5.

modification of his sentence based on a retroactive application of The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. (See doc. no. 1.) Respondent filed a response to Petitioner's § 2255 motion, arguing that the collateral attack waiver barred Petitioner's claim and that neither the FSA nor the relevant provision of the Sentencing Guidelines applied retroactively. (See doc. no. 3.)

However, subsequent to the filing of Respondent's response, the United States Sentencing Commission voted to give retroactive effect to the Sentencing Guidelines provision that implements the FSA. See 76 Fed. Reg. 41332-35 (July 13, 2011). On November 1, 2011, the date the provision became retroactively applicable, Judge Hall issued a *sua sponte* Order modifying Petitioner's sentence based on the newly retroactively applicable Guidelines provision, which had the effect of reducing Petitioner's sentence to time served plus 10 days. CR 109-035, doc. no. 141. The Federal Bureau of Prisons' online records indicate that Petitioner was released from custody as scheduled on November 10, 2011.

In light of these circumstances, it is evident that the relief sought by Petitioner in his § 2255 motion has been independently granted by Judge Hall's November 1st Order, which renders his § 2255 motion moot. See Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [petitioner] meaningful relief, then the case is moot and must be dismissed."); Lambrix v. Singletary, 72 F.3d 1500, 1508 (11th Cir. 1996) (finding claim for habeas corpus relief becomes moot when the remedy sought has already been independently granted). Petitioner's § 2255 motion is also rendered moot by the fact that he

has been released from custody. The termination of a prisoner's confinement moots his habeas corpus action where, as here, his sole § 2255 claim concerns the length of his sentence rather than the validity of his conviction and he has not shown any remaining collateral consequences that habeas relief would address. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain habeas corpus action for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). Accordingly, the Court **REPORTS** and **RECOMMENDS** that the instant § 2255 motion be **DISMISSED AS MOOT** and that this civil action be **CLOSED**.[2]

SO REPORTED and RECOMMENDED this 27th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Having concluded that Petitioner's entire § 2255 motion is moot, the Court declines to address the issues of whether the relief sought by Petitioner is available in a § 2255 proceeding and, if so, whether Petitioner's FSA claim is barred by the collateral attack waiver in his plea agreement.

3